SANTIAGO, PLAINTIFF AND APPELLANT, *v.* CABÁN, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action
for Divorce.

No. 1324.—Decided February 14, 1916.

CHANGE OF VENUE—APPEAL.—An order granting a change of venue being appeal-
able under subdivision 3 of section 295 of the Code of Civil Procedure, that
question cannot be considered on appeal from the judgment because it is
expressly prohibited by section 305 of the said code.

ANSWER—SPECIFIC DENIAL—STRIKING OUT.—When the answer contains specific
denials only and not assertions, under subdivision 2 of section 110 of the
Code of Civil Procedure there is no error in refusing to strike out the same.

ID.—DIVORCE—DISCRETION—NEW MATTER OF DEFENSE—STRIKING OUT.—In an
action of divorce the court is not in error in refusing to strike out new mat-
ter of defense set up in the answer tending to show that the defendant did
not return to the conjugal abode on a certain day because the plaintiff pre-
vented her doing so by threats.

WITNESSES—PREJUDICE.—The fact that the court gave credence to the witnesses
of one of the parties when from the view-point of the appellant said wit-
nesses were unworthy of belief, is not of itself sufficient to show prejudice
on the part of the court.

The facts are stated in the opinion.

*Mr. José Ramón Freyre* for the appellant.

*Messrs. Juan García Ducos* and *Juan B. Soto* for the
appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Angel Santiago Vélez brought an action for divorce in
the District Court of Mayagüez against his wife, María Ono-
cífera Cabán, who moved for and was granted a change of
venue to the District Court of Aguadilla, where the case was
tried and judgment was entered dismissing the complaint.
From that judgment the plaintiff appealed.

The first ground on which the appellant relies for a re-
versal of the judgment appealed from is that the judge of
the District Court of Mayagüez erred in ordering the change
of venue to the District Court of Aguadilla. We are unable,
however, to consider that question in this appeal from the
judgment, because section 305 of the Code of Civil Procedure

expressly prohibits the review of a decision or order from which an appeal might have been taken in an appeal from the judgment, and the order granting the change of venue was appealable under subdivision 3 of section 295 of the said code.

As a second ground for reversal it is alleged that the lower court committed error in overruling the appellant's motion to strike out certain parts of the defendant's answer to the complaint and the new matter of defense alleged by her in opposition thereto.

Although the complaint sets up two grounds of divorce and the motion to strike out covered the answer to those two grounds, as the appellant limited his action at the trial to the ground of abandonment by his wife and expressly waived the other ground, we should consider only whether the court erred, as contended, in refusing to strike out the answer to the charge of abandonment.

Regarding this cause of action, the appellant alleges in his complaint that his wife "without any justifiable cause or reason abandoned the plaintiff's home in the town of San Sebastián, P. R., on March 15, 1913, and refused to return to the conjugal abode notwithstanding the efforts made by the plaintiff to induce her to do so, and that in abandoning the plaintiff the defendant likewise abandoned the four adult children born of the said marriage, who, as already alleged, have since that time remained under the protection of the plaintiff in this action." The verified complaint contains further allegations which it is not necessary to repeat, and the defendant answered as follows: "That she absolutely and specifically denies all the allegations made by the plaintiff in the complaint as a second cause of action, for it is absolutely false that the defendant herein abandoned the home of the plaintiff in the town of San Sebastián, P. R., on March 15, 1913, without justifiable cause or reason   *   *   *."

This part of the answer continues in nearly the same words

as the allegation in answer to which it is made, although in a negative manner.

We cannot agree with the appellant that in the way in which it is worded this part of the answer contains assertions and denials. It contains denials only and, in our opinion, they are sufficient because they deny specifically all the allegations in the order in which they are pleaded by the plaintiff in support of his cause of action in such a manner that by virtue of the said denial the parties join issue on the question of fact as to whether or not the defendant wilfully abandoned the conjugal abode and refused to return thereto of her own volition. The said answer complies with subdivision 2 of section 110 of the Code of Civil Procedure, which requires that it shall be specific in its denials, and there was no error in refusing to strike out the same.

Nor was there any error in refusing to strike out the new matter of defense pleaded by the defendant, for its purpose was to show that the reason why she did not return to the conjugal abode on March 15, 1913, was because the plaintiff prevented her from doing so by threats.

The last ground alleged for reversal is that the judgment is contrary to the evidence and that the court was biased in weighing the same. We find no evidence of such bias in the transcript of the record and presumably the appellant deduces the same from the fact that the lower court gave credence to the defendant's witnesses who, from the point of view of the appellant, were unworthy of belief.

We have examined carefully the evidence introduced in the lower court and copied into the transcript of the record in order to ascertain whether the judgment is contrary thereto and have arrived at the conclusion that it was contradictory as to whether the refusal of the wife to return to the conjugal abode on March 15, 1913, was voluntary or due to the threats of her husband, and the court having decided the conflict against the appellant, we have no reason for disturbing its decision.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.